UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LATISHA ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-450 AGF |
| | ) | |
| MERCY HOSPITAL ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, an African-American woman, seeks leave to proceed in forma pauperis in this civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination on the basis of race. Based on plaintiff's financial affidavit, the motion is granted. For the following reasons, the Court will order process to issue on defendant Mercy Hospital St. Louis.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**Discussion**

According to her complaint and her EEOC charge of discrimination, on June 22, 2015, plaintiff was hired by defendant Mercy Hospital St. Louis as a certified surgical technician. She was fired nearly two years later, on June 16, 2017, for taking a photograph of a specimen in the operating room, which violated defendant's cell phone policy. Plaintiff alleges, however, that many Caucasian employees take pictures in patient care areas using their cell phones and are not fired. She also alleges that defendant's reasons for her termination have not been consistent. She states defendant has claimed plaintiff was fired for performance issues and for referring to a surgeon using a derogatory term. She alleges she was fired because of her race.

To establish a prima facie case of race discrimination under Title VII, a plaintiff must show: 1) that he or she is a member of a protected class, (2) that he or she was meeting the employer's legitimate job expectations, (3) that he or she suffered an adverse employment action, and (4) that similarly situated employees outside the protected class were treated differently. *E.g., Tolen v. Ashcroft*, 377 F.3d 879 (8th Cir. 2004). Having carefully reviewed and liberally construed plaintiff's complaint, the Court finds plaintiff has stated a plausible claim against defendant Mercy Hospital St. Louis under the Title VII, and will order the Clerk to issue process on the complaint.

Additionally, plaintiff has filed a motion for appointment of counsel, which the Court will deny at this time. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In

determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has presented non-frivolous allegations in her complaint. However, she has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on plaintiff's complaint as to defendant Mercy Hospital St. Louis.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** without prejudice. [ECF No. 2]

Dated this 24th day of May, 2018.

                                                                                         *Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE